IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv159

| | |
|---|---|
| KIMBERLY S. SISK, Individually and as Mother and Natural Guardian of S.A.S., a Minor, <br><br> Plaintiff, <br><br> v. <br><br> ABBOTT LABORATORIES, an Illinois Corporation, <br><br> Defendant. | ORDER |

Pending before the Court is Defendant's Motion to Strike [# 85]. Previously, Defendant filed a Motion to Dismiss the Second Amended Complaint, which is currently pending before the Court. Several months after the briefing on the Motion to Dismiss was complete, Plaintiff filed a one sentence pleading styled as a Supplement to Plaintiff's Memorandum in Opposition to Abbot's Motion to Dismiss Second Amended Complaint [# 84]. Plaintiff attached the February 1, 2012, Order in Security Nat'l Bank of Sioux City, Iowa v. Abbott Labs., No. 2011cv4017-DEO, denying in part and granting in part a motion to dismiss to the pleading. Defendant now moves the Court to strike the pleading as a sur-reply. In addition, Defendant attaches a ten page brief addressing the decision in Security Nat'l Bank to its Motion to Strike.

As a threshold matter, Plaintiff's pleading is not a sur-reply; it is a notice of supplemental authority commonly used in the federal court system to alert the Court to a decision of another court issued after the close of the briefing period. The pleading contained no argument or discussion as to why the case was relevant or any statement that might constitute a sur-reply. To suggest that a party may not file such a notice and inform the Court of subsequent authority is nonsensical. In fact, motions such as Defendant's Motion to Strike are a waste of judicial resources, clog the dockets of federal courts, prevent federal courts from addressing the numerous substantive and pertinent motions on their dockets, and hinder the "just, speedy, and inexpensive determination of every action and proceeding" as contemplated by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 1. Accordingly, the Court **DENIES** the Motion to Strike [# 85].

Finally, the Court **STRIKES** the Response to Supplemental Filing in Opposition to Abbott's Motion to Dismiss attached as Exhibit A to the Motion to Strike [# 85-1]. The routine submission of a recent unpublished district court decision from the Northern District of Iowa does not open the door to the submission of new briefs on the Motion to Dismiss. This Court would like to think that it is capable of reading the decision of Judge O'Brien, even if the decision is sixty-two pages long, and determining whether the decision has any bearing on the case before this Court.

Signed: April 9, 2012

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge