THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11-cv-00159-MR-DLH

KIMBERLY S. SISK, individually and )
as mother and natural guardian of )
S.A.S., a minor, )
 )
                Plaintiff, )
 )
      vs. )      **O R D E R**
 )
 )
**ABBOTT LABORATORIES,** an )
Illinois corporation, )
 )
                Defendant. )
_____ )

**THIS MATTER** is before the Court on the Defendant's Motion to Exclude Expert Testimony [Doc. 136].

## I.    PROCEDURAL BACKGROUND

The Plaintiff Kimberly S. Sisk, individually and as mother, natural guardian and guardian *ad litem* of S.A.S., a minor, brings this action against the Defendant Abbott Laboratories, alleging that the Plaintiff's minor son developed meningitis as a result of consuming contaminated powdered infant formula (PIF) manufactured by the Defendant. In her Second Amended Complaint, the Plaintiff asserted claims for negligence (in

manufacturing, design, and warning), breach of express warranties, breach of implied warranty, and unfair and deceptive trade practices against the Defendant. [Doc. 75].

On August 2, 2012, the Court granted the Defendant's motion to dismiss the Plaintiff's claims for breach of express warranties, breach of implied warranty, and unfair and deceptive trade practices, leaving only the negligence claim (Count One) for trial. [Doc. 90 (accepting M&R)].

The Defendant now moves to exclude certain opinions of the Plaintiff's disclosed experts. The Court held a hearing on this motion on November 21, 2013. This matter is currently scheduled for trial during the March 10, 2014 trial term.

## II. STANDARD OF REVIEW

The Defendant's motion to exclude challenges the reliability and admissibility of certain expert opinions pursuant to Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Rule 702 provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify

2

> thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. The trial judge must act as a gatekeeper, admitting only that expert testimony which is relevant and reliable. Daubert, 509 U.S. at 589, 113 S.Ct. 2786. With regard to scientific knowledge, the trial court initially must determine whether the reasoning or methodology used is scientifically valid and is applied properly to the facts at issue in the trial. Id. at 592-93, 113 S.Ct. 2786. To aid the Court in this gatekeeping role, the Supreme Court has identified several key considerations, including whether the expert opinion can be tested; whether it has been subjected to peer review; the error rate of the methods that the expert employed; the existence and maintenance of standards used in the expert's methods; and whether the expert's methods are generally accepted in the scientific community. Id. at 592-94, 113 S.Ct. 2786; Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 261 (4th Cir. 2005).

The objective of Daubert's gatekeeping requirement is to ensure "that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor

3

that characterizes the practice of an expert in the relevant field." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). The Court has broad discretion in determining whether the Daubert factors reasonably measure reliability in a given case. Id. at 153, 119 S.Ct. 1167.

## III. DISCUSSION

The Defendant seeks to exclude the opinions of Plaintiff's five liability experts: Dr. Catherine Donnelly, a Ph.D in food safety; Dr. Scott Donnelly ("S. Donnelly"), a Ph.D in microbiology and former employee of Wyeth; Dr. Jim Farmer ("Farmer"), a Ph.D in microbiology; Dr. Gerald Goldhaber ("Goldhaber"), a Ph.D in human factors and consultant on labeling issues; and Dr. Janine Jason ("Jason"), a pediatrician. Specifically, Defendant seeks to exclude all five experts' opinions on the appropriate standards of care for manufacturing, designing, and labeling PIF in 2004; the causation opinions of Dr. Catherine Donnelly, Dr. Farmer, and Dr. Jason; and the defect opinion of Dr. Scott Donnelly.

After carefully reviewing the submissions of the parties and considering the arguments of counsel, the Court finds that the Plaintiff's experts are duly qualified to proffer opinions on the issues of the relevant standards of care, alleged defect, and causation. The Court further finds –

4

albeit with some reservations -- that the reasoning and methodology underlying the challenged opinions are scientifically valid and apply proper scientific principles. Further, the Court finds that the experts have established adequate factual foundations for the challenged opinions.

While the Defendant criticizes various aspects of the Plaintiff's experts' analyses, the Court finds that such arguments go more to the weight to be afforded these experts' testimony rather than its admissibility. BorgWarner, Inc. v. Honeywell Intern., Inc., 750 F.Supp.2d 596, 613 (W.D.N.C. 2010). "Vigorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596, 113 S.Ct. 2786.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Exclude Expert Testimony [Doc. 136] is **DENIED WITHOUT PREJUDICE** to challenges during trial to the jury's consideration of the experts' opinions.

**IT IS SO ORDERED.**

Signed: February 10, 2014

Martin Reidinger
United States District Judge