# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:11-cv-00159-MR-DLH

KIMBERLY S. SISK, individually and )
as mother, natural guardian and )
Guardian ad Litem of S.A.S., a minor, )
)
             **Plaintiff,**    )
)
vs. )    **O R D E R**
)
)
ABBOTT LABORATORIES, an )
Illinois corporation, )
)
             **Defendant.**    )
_____ )

**THIS MATTER** is before the Court on the Defendant's Motion for Reconsideration [Doc. 156].

## I.    PROCEDURAL BACKGROUND

On November 21, 2013, the parties appeared before the Court for a hearing on the Defendant's motion for summary judgment. The Defendant's motion was based in part on Section 99B-10 of the North Carolina Products Liability Act, which provides that "any person . . . who donates an item of food for use or distribution by a nonprofit organization or nonprofit corporation shall not be liable for civil damages . . . resulting from

the nature, age, condition, or packaging of the donated food, unless an injury is caused by the gross negligence, recklessness, or intentional misconduct of the donor." N.C. Gen. Stat. § 99B-10(a).

The Court denied the Defendant's motion in part and granted it in part from the bench and in a minute order. Specifically with respect to the Defendant's Section 99B-10 argument, the Court stated that given "the forecast of [the] evidence in the light most favorable to the plaintiff . . . a jury could determine that the delivery of the formula to the hospital did not constitute a donation under the statute and that that is a factual determination." [Doc. 157-1 at 95].

The Defendant now moves the Court pursuant to Rule 54(b) to reconsider its finding that what constitutes a "donation" under Section 99B-10 is a factual determination that should be left to the jury. Instead, the Defendant urges the Court to rule as a matter of law that the Defendant's provision of powdered infant formula (PIF) to Transylvania Community Hospital at no cost constituted a donation under the statute such that the Defendant is entitled to summary judgment on all claims related to PIF received by the Plaintiff from the hospital. [Doc. 156].

The Plaintiff opposes the Defendant's motion, arguing that a question of fact is presented as to whether the Defendant received consideration for

the PIF it provided to the hospital. Alternatively, the Plaintiff renews her argument that the Defendant has waived the affirmative defense of N.C. Gen. Stat. § 99B-10 by failing to plead the defense in a timely manner. [Doc. 159].

## II. STANDARD OF REVIEW

Rule 54(b) of the Federal Rules of Civil Procedure provides that, in the absence of an express order directing final judgment as to certain claims or parties:

> [A]ny order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Pursuant to this rule, the Court "retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003). The decision to grant or deny a Rule 54(b) motion is "committed to the discretion of the district court." Id. at 515. A prior dispositive order should be followed unless "(1) a subsequent trial produces

substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. (internal quotations omitted).

## III.  ANALYSIS

At the summary judgment hearing, the Court stated that the record presented a forecast of evidence from which a jury could determine that the delivery of the formula to the hospital did not constitute a donation under the statute and thus denied summary judgment to the Defendant on the basis of a Section 99B-10 defense. After further consideration and review, the Court concludes that its decision to deny the Defendant's motion for summary judgment with respect to the Section 99B-10 defense was correct, but that the reasoning underlying that decision may have been erroneous. For the reasons that follow, the Court concludes that the Defendant is waived from presenting this affirmative defense in the case at bar.

A defendant bears the burden of affirmatively pleading an affirmative defense. See Fed. R. Civ. P. 8(c)(1); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 653 (4th Cir. 2006). Generally, the "failure to plead an affirmative defense as required by Federal Rule 8(c) results in the waiver of that

4

defense and its exclusion from the case...." Suntrust Mortg., Inc. v. United Guar. Residential Ins. Co. of N.C., 508 F. App'x 243, 252 (4th Cir. 2013) (quoting 5 Charles Alan Wright and Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1278 (3d ed. 2012)). "Such waiver, however, should not be effective unless the failure to plead resulted in unfair surprise or prejudice." S. Wallace Edwards & Sons, Inc. v. Cincinnati Ins. Co., 353 F.3d 367, 373 (4th Cir. 2003).

Here, the Defendant asserted twenty-four separate affirmative defenses in its Answer to the Plaintiff's Amended Complaint, including specific citations to various provisions of the North Carolina Products Liability Act. [See Doc. 91 at 10 (asserting defenses under N.C. Gen. Stat. § 99B-4(1) (Twenty-Second Defense); N.C. Gen. Stat. § 99B-4(3) (Twenty-Third Defense); and N.C. Gen. Stat. § 99B-5(b) (Twenty-Fourth Defense)]. The Defendant, however, did not specifically assert Section 99B-10(a) in its affirmative defenses.

The Defendant contends that it sufficiently invoked Section 99B-10(a) in its Answer to the Amended Complaint by "adopt[ing] and incorporate[ing] by reference any and all defenses that are or may become available to it under the North Carolina Product Liability Act, including but not limited to any defenses under N.C. Gen. Stat. § 99B *et seq.*" [Doc. 91 at 6 (Second

5

Defense)]. The assertion of "any and all defenses that are or may become available" is such a vague, generalized statement of what may or may not be relied upon that it fails to provide any meaningful notice to the Plaintiff of the specific affirmative defenses the Defendant intends to assert. The assertion of this "defense," therefore, did not sufficiently invoke Section 99B-10(a) such that it could be considered to have been pled as an affirmative defense.

Having determined that the Defendant failed to plead this affirmative defense in its Answer, the Court now considers whether the Defendant's failure to plead this defense resulted in any unfair surprise or prejudice to the Plaintiff. The Court finds that it did. Because Section 99B-10 was not affirmatively pled as a possible defense in this action, the parties did not engage in any substantial discovery on the issue. It was not until the filing of the Defendant's Motion for Summary Judgment that the Plaintiff received any indication that the Defendant intended to rely on this statutory provision at all. By the time that the summary judgment motion was filed, discovery had long since closed, thus foreclosing any opportunity for the Plaintiff to engage in discovery on the issue of the Defendant's donation of PIF to the hospital. "To permit defendants to inject this defense would necessitate re-opening discovery at this late date just before trial, and would afford little

time to plaintiff to prepare for this new and unanticipated theory of defense which has not been previously developed through discovery." Resolution Trust Corp. v. Southwest Dev. Co., 807 F. Supp. 375, 379 (E.D.N.C. 1992), rev'd on other grounds, Resolution Trust Corp. v. Cunningham, No. 93-1303, 1993 WL 542182 (4th Cir. Dec. 22, 1993).

The Defendant contends that the Plaintiff was not prejudiced by the late disclosure of this defense because the issue already had been raised in the prior state court action brought by the Plaintiff against the Defendant and Transylvania Community Hospital. In that action, however, it was the *hospital*, not Abbott Laboratories, which asserted Section 99B-10(a) as an affirmative defense. The hospital's assertion of the defense in an entirely different action, therefore, did little to place the Plaintiff on notice that the defense would be asserted by Abbott Laboratories in the *present* action.

For these reasons, the Court concludes that the Defendant has waived any reliance on N.C. Gen. Stat. § 99B-10 as an affirmative defense to the Plaintiff's claims. Accordingly, the Court affirms its prior ruling denying the Defendant's motion for summary judgment with respect to this issue. The Court further concludes, however, for the reasons stated herein, that the Defendant should be precluded from asserting this defense at trial.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reconsideration [Doc. 159] is **DENIED**.

**IT IS SO ORDERED.**  Signed: February 10, 2014

Martin Reidinger
United States District Judge