**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11-cv-00159-MR-DLH**

| | | |
|---|---|---|
| **KIMBERLY S. SISK, individually and as mother and natural guardian of S.A.S., a minor,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **O R D E R** |
| | ) ) | |
| **ABBOTT LABORATORIES, an Illinois corporation,** | ) ) ) | |
| **Defendant.** | ) ) | |
| _____ | ) | |

      **THIS MATTER** is before the Court on the Defendant's Unopposed Motion to Seal [Doc. 167].

      The Defendant seeks leave to file under seal certain documents filed in support of its motions *in limine*, including healthcare records for the Plaintiff and her minor child and materials pertaining to Defendant's trade secrets and other commercially sensitive information, including the commercial information of a third-party entity. The Plaintiff does not oppose the Defendant's request.

The Fourth Circuit has recognized that a district court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984); see also Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) ("The common law presumption of access may be overcome if competing interests outweigh the interest in access, and a court's denial of access is reviewable only for abuse of discretion."). Before sealing a court document, however, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed its motion on February 13, 2014, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendant has demonstrated that the documents at issue contain certain sensitive personal and/or confidential

business information, and that the public's right of access to such information is substantially outweighed by the competing interest in protecting the details of such information. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these documents is necessary to protect the parties' privacy interests.

**IT IS, THEREFORE, ORDERED** that the Defendant's Unopposed Motion to Seal [Doc. 167] is **GRANTED**, and (1) portions of Defendant's Memorandum of Law in Support of Motion *in Limine* No. 2 to Exclude Plaintiff's Proposed Summary Exhibit No. 53 and Exhibits A, E, F, G, H, I, J, K, and L thereto; and (2) Exhibits B, C, and D to Defendant's Memorandum of Law in Support of Motion *in Limine* No. 3 to Exclude International Formula Council Documents shall be placed under seal pending further Order of this Court.

**IT IS SO ORDERED.** Signed: February 24, 2014

Martin Reidinger
United States District Judge