THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11-cv-00159-MR-DLH

KIMBERLY S. SISK, individually and )
as mother and natural guardian of )
S.A.S., a minor, )
 )
                Plaintiff, )
 )
vs. )      **O R D E R**
 )
 )
ABBOTT LABORATORIES, an )
Illinois corporation, )
 )
                Defendant. )
_____ )

**THIS MATTER** is before the Court on the Plaintiff's Motion to File Sealed Submissions and Documents [Doc. 239] and Defendant's Unopposed Motion to Seal [Doc. 241].

By her motion, the Plaintiff seeks permission to file her Motion for New Trial, the supporting memorandum of law, and all exhibits, including the trial transcript, under seal. For grounds, the Plaintiff states that her filings include and/or reference certain exhibits which, although not admitted at trial, were designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered in this case. The

Plaintiff further states that references are made to the trial transcript, which the Court instructed at the conclusion of the trial should not be made part of the public record unless and until the Defendant received notice and an opportunity to designate portions of the transcript "Confidential" or "Highly Confidential" pursuant to the Protective Order. [Doc. 239]. The Defendant does not oppose the Plaintiff's request and in turn seeks leave to file under seal its opposition to Plaintiff's motion as well as certain pages from the trial transcript, which are attached as Exhibits 1-4 to its motion. [Doc. 241]. The Plaintiff does not oppose the Defendant's request to seal these materials.

The pleadings at issue are the type to which the public has a presumptive right of access under the First Amendment. See United States v. Parker, No. 3:13-133-CMC, 2013 WL 5530269, at *1 (D.S.C. Oct. 7, 2013) (applying First Amendment analysis to response to defendant's motion for new trial). The Fourth Circuit has recognized that "[w]hen the First Amendment provides a right of access, a district court may restrict access [to judicial records] only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 575 (4th Cir. 2004) (quotation marks and citation omitted). The burden to overcome the

public's right to access under the First Amendment is on the party seeking to restrict such access. See Company Doe v. Public Citizen, __ F.3d __, 2014 WL 1465728, at *20 (4th Cir. Apr. 16, 2014). Mere conclusory assertions of a compelling interest are insufficient to carry this burden. See Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 15 (1986).

Moreover, before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In support of its motion to seal, the Defendant states that the subject materials "contain, among other things, Abbott's trade secrets and other commercially sensitive information." [Doc. 241 at 2]. While a compelling government interest may exist in protecting trade secrets and other sensitive proprietary information, see Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978), the Defendant's conclusory assertions of the need to protect "trade secrets and other commercially sensitive information" [Doc. 241 at 2] are insufficient to meet the Defendant's burden in this case. In order to justify the sealing of such documents, the

Defendant must identify the specific trade secret or proprietary information at issue. Merely claiming a potential for reputational harm will be insufficient to satisfy this burden. <u>Company Doe</u>, 2014 WL 1465728, at *18 ("A corporation very well may desire that the allegations lodged against it in the course of litigation be kept from public view to protect its corporate image, but the First Amendment right of access does not yield to such an interest.").

Similarly, the Plaintiff's conclusory reference to information which the parties have mutually agreed is "confidential," without more, is insufficient to justify restricting the public's presumptive right of access to the subject documents. See <u>Ingram v. Pacific Gas & Elec. Co.</u>, No. 12-cv-02777-JST, 2013 WL 5340697, at *4 (N.D. Cal. Sept. 24, 2013) ("[A] a party's designation of a document as "Confidential" is not determinative, nor necessarily even helpful, on the question of whether that document should be filed under seal. A document designated as "Confidential" in discovery may ultimately be filed in the public record; conversely, a document produced without designation, or produced in the absence of a protective order, may later be filed under seal. One has nothing to do with the other.").

Through their motions, the parties seek the wholesale filing under seal of the trial transcript and the entirety of these post-trial proceedings. The parties, however, have failed to articulate compelling interests that outweigh the strong presumption of public access to these documents. Accordingly, the parties' motions to seal will be denied.

**IT IS, THEREFORE, ORDERED** the Plaintiff's Motion to File Sealed Submissions and Documents [Doc. 239] and Defendant's Unopposed Motion to Seal [Doc. 241] are **DENIED WITHOUT PREJUDICE**. The parties' pleadings shall remain under seal for a period of fourteen (14) days in order to allow the parties an opportunity to refile their respective motions to seal. If no motions to seal are refiled within the fourteen-day period, the Court will direct the Clerk to unseal the respective documents.

**IT IS SO ORDERED.**   Signed: May 9, 2014

Martin Reidinger
United States District Judge