THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11-cv-00159-MR-DLH

| | |
|---|---|
| KIMBERLY S. SISK, individually and as mother and natural guardian of S.A.S., a minor, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) ) | **O R D E R** |
| ABBOTT LABORATORIES, an Illinois corporation, ) ) ) ) | |
| Defendant. ) _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Renewed Unopposed Motion to Seal [Doc. 244] and the Plaintiff's Renewed Motion to Seal Portions of Her Motion for New Trial and Joinder in Abbott's Renewed Unopposed Motion to Seal and Memo in Support [Doc. 248].

The Defendant seeks for this Court to allow it leave to file under seal portions of its opposition to the Plaintiff's Motion for a New Trial and the exhibits attached thereto, namely Docs. 236, 237-1, 237-2, 237-3, 242, 242-1, 242-2, 242-3, and 242-4. [Doc. 244]. The Plaintiff does not oppose the Defendant's request.

The Plaintiff seeks for this Court to allow her leave to file under seal portions of her Motion for a New Trial [Doc. 236], Memorandum of Law in Support for her Motion for a New Trial [Doc. 237], and particular exhibits attached to her motion, namely the entirety of Exhibits 43, 82, 133, and 134 and portions of Exhibits 2, 3, 84, and 95 as follows:

- Ex. 2: Page/Line Nos. 145:23-24; 146:17-147:3.

- Ex. 3: Page/Line Nos. 18:16-20:11; 20:25-21:18; 22:21; 23:1-6; 25:4-5; 26:23-28:21; 29:3-6; 29:15-30:8; 60:1-61:17; 62:17-63:6; 64:19-20; 64:25-65:3; 65:5; 65:7-10; 65:15; 66:1-4; 66:17-20; 67:20-21; 67:24-68:24; 69:12-15; 69:25; 91:1-15; 91:22-92:1; 92:18-20; 93:24-25; 94:3-15; 95:4-12; 107:1-5; 107:8-9; 107:18-25; 266:1-268:15; 269:13-14; 269:22-23; 270:7-14; 270:17-20; 271:18-22; 272:1; 273:3-4; 273:13; 274:6-7; 274:22-25.

- Ex. 84: Page 1

- Ex. 95: Page 1

[Doc. 248]. The Defendant does not oppose the Plaintiff's request.

The Fourth Circuit has recognized that a district court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984); see also Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) ("The common law presumption of access may be overcome if

competing interests outweigh the interest in access, and a court's denial of access is reviewable only for abuse of discretion."). Before sealing a court document, however, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed its motion on May 23, 2014, [Doc. 244], and such motion has been accessible to the public through the Court's electronic case filing system since that time. Thus, the public has had notice of the Defendant's request for particular documents and exhibits to be permanently sealed and has not objected. Further, the Defendant has demonstrated that the documents at issue contain certain sensitive proprietary and/or confidential business and trade secret information. The public's right of access to such information is substantially outweighed by the competing interest in protecting the details of such information, particularly due to the highly competitive nature and the significance of the infant formula industry.

Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these documents is necessary to protect the parties' privacy interests.

Additionally, the public has been provided with adequate notice and an opportunity to object to the Plaintiff's motion. The Plaintiff filed her motion on May 23, 2014, [Doc. 248], and such motion has been accessible to the public through the Court's electronic case filing system since that time. Thus, the public has had notice of the Plaintiff's request for particular documents and exhibits to be permanently sealed and has not objected. Further, the Plaintiff has joined with the arguments of the Defendant to demonstrate that the documents at issue contain certain sensitive proprietary and/or confidential business information. The public's right of access to such information is substantially outweighed by the competing interest in protecting the details of such information, particularly due to the highly competitive nature and the significance of the infant formula industry. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these documents is necessary to protect the parties' privacy interests.

**IT IS, THEREFORE, ORDERED** that the Defendant's Renewed Unopposed Motion to Seal [Doc. 244] and the Plaintiff's Renewed Motion to

Seal Portions of Her Motion for New Trial and Joinder in Abbott's Renewed Unopposed Motion to Seal and Memo in Support [Doc. 248] are **GRANTED**, and the following shall be placed under seal pending further Order of this Court:

- Docs. 236, 237-1, 237-2, 237-3, 242, 242-1, 242-2, 242-3, and 242-4

- Portions of Plaintiff's Motion for a New Trial [Doc. 236]

- Portions of Plaintiff's Memorandum of Law in Support for her Motion for a New Trial [Doc. 237]

- Exhibits 43 [Doc. 238-1], 82 [Doc. 238-2], 133 [Doc. 238-5], and 134

- Portions of Exhibits 2, 3, 84, and 95 as follows:

    - Ex. 2: Page/Line Nos. 145:23-24; 146:17-147:3.

    - Ex. 3: Page/Line Nos. 18:16-20:11; 20:25-21:18; 22:21; 23:1-6; 25:4-5; 26:23-28:21; 29:3-6; 29:15-30:8; 60:1-61:17; 62:17-63:6; 64:19-20; 64:25-65:3; 65:5; 65:7-10; 65:15; 66:1-4; 66:17-20; 67:20-21; 67:24-68:24; 69:12-15; 69:25; 91:1-15; 91:22-92:1; 92:18-20; 93:24-25; 94:3-15; 95:4-12; 107:1-5; 107:8-9; 107:18-25; 266:1-268:15; 269:13-14; 269:22-23; 270:7-14; 270:17-20; 271:18-22; 272:1; 273:3-4; 273:13; 274:6-7; 274:22-25.

    - Ex. 84: Page 1

    - Ex. 95: Page 1

**IT IS SO ORDERED.**

Signed: October 20, 2014

Martin Reidinger
United States District Judge

5